Exhibit 13

ARNE M. OLSON
DOLORES T. KENNEY
TALIVALDIS CEPURITIS
KATHRYN E. GARIPAY
JOSEPH M. KUO
ROBERT J. ROSS, Ph.D.

DENNIS H. MA
BRUCE R. MANSFIELD
MARK R. BAGLEY
MATTHEW D. KELLAM

LAW OFFICES OF
OLSON & CEPURITIS, LTD.
20 NORTH WACKER DRIVE
36TH FLOOR
CHICAGO, ILLINOIS 60606
(312) 580-1180
FACSIMILE (312) 580-1189
firm@olsonip.com

PATENTS
TRADEMARKS
& RELATED MATTERS

SEYMOUR ROTHSTEIN
ROBERT R. CALIRI
OF COUNSEL

March 24, 2009

**VIA E-MAIL**

Misti N. Okerlund
Myers Boebel Macleod LLP
5001 Chowen Ave.
Suite 2000
Minneapolis, MN 55410

> Re: American Medical Sys., Inc., et al. v. Laser Peripherals, LLC,
> 08-cv-4798 (D. Minn) (JNE)

Dear Misti:

We write to request that AMS supplement Plaintiffs' Claim Chart that was served on March 13.

AMS has failed to comply with the Court's requirements for Plaintiffs' Claim Chart from the Court's January 14 Scheduling Order (Dkt. #17). In particular, AMS has failed to identify "where each element of each [asserted claim] is found in the [accused product], including the basis for each contention that the element is present." (Dkt. #17 at 3). This information should be readily available, because Plaintiffs were required to undertake a detailed claim-by-claim infringement analysis of the accused device prior to filing suit.

AMS provided numerous pictures of the accused device, but labeled the location of only the claim elements "reflecting surface" and "glass cladding." The other claim elements of the '699 Patent should be similarly labeled. AMS has not adequately identified the location of the following claim elements:

- Claim 1: "a waveguide," "tip of the waveguide," "transmitting surface," "particular area," how "the particular area and reflecting surface are disposed so that greater than about 90% of electromagnetic radiation reflected by the reflecting surface is incident on the particular area at below a critical angle"

- Claim 25: "a waveguide," "tip of the waveguide," "distal end of the tip," where the glass cladding extends to the distal end of the tip, "means for positioning the waveguide," "transmitting surface," how "the particular area and reflecting surface are disposed so that greater than about 90% of electromagnetic radiation reflected by the reflecting surface is incident on the particular area at below a critical angle"

Misti N. Okerlund  
Myers Boebel Macleod LLP

March 24, 2009  
Page 2

- Claim 27: "means for positioning the waveguide," "tube having a hollow passage"

- Claim 28: "rigid cannula"

- Claim 29: "flexible catheter"

- Claim 30: "beveled surface," "distal end of the tip"

The references to LP's product literature in Plaintiffs' Claim Chart do not adequately identify the location of these claim elements in the accused device. For example, Plaintiffs cite product literature that refer generally to an "angled tip design," but never identify where Plaintiff contends the "tip of the waveguide" begins and ends.

Likewise, Plaintiffs' Claim Chart identifies a "triangular green indicator," an "orange square," and "an adjustable turning device" as being the "means for positioning the waveguide during surgery." Which of those structures does Plaintiff contend is the "means for positioning the waveguide during surgery?"

Please provide labels of all of the asserted claim elements as you have done for "reflecting surface," and "glass cladding" in Figures 1 and 2 (attached) of Plaintiffs' Claim Chart.

Plaintiffs cannot hedge their bets now and provide vague descriptions of multiple structures that might correspond to a claim element. The time has come for Plaintiffs to provide LP with their precise arguments of how the accused device infringes the '699 Patent. LP cannot provide its responsive Defendant's Claim Chart until Plaintiffs have provided a detailed analysis to which LP can respond.

Please provide the requested supplementation to Plaintiffs' Claim Chart no later than March 31, 2009 to allow adequate time for LP to prepare and file the Defendant's Claim Chart on April 14.

Sincerely,

OLSON & CEPURITIS, LTD.

By _____  
Arne M. Olson

AMO/mdk  
Enc.  
cc: Laser Peripherals (w/encl.)  
    Steve Moore (w/encl.)

# Reflecting Surface



Figure 1: #1 side-a

AMS/LP 40

# Glass Cladding



Figure 2: #2 front

AMS/LP 41



MISTI N. OKERLUND
Attorney At Law
612.605.0616
mno@mbmfirm.com

5001 Chowen Avenue
Suite 2000
Minneapolis, MN 55410
• www.mbmfirm.com •

March 31, 2009

**VIA E-MAIL**

Arne M. Olson
Olson & Cepuritis, Ltd.
20 North Wacker Drive, 36th Floor
Chicago, Illinois 60606-3103

Re:   *American Medical Systems, Inc. & Laserscope v. Laser Peripherals, LLC*
      08-cv-4798 (D. Minn.) (JNE/FLN)

Dear Mr. Olson,

We write in response to your March 24, 2009 letter alleging deficiencies in AMS' claim chart.

AMS' claim chart complies with the Court's Pretrial Schedule. Where possible, each and every element of the 6 asserted claims of the Pon '699 patent is specifically identified in citations to Laser Peripherals' own publicly available marketing materials, in photographs of the infringing device from a variety of angles (which you even admit are numerous), or both. Furthermore, as you have stated to the Court, discovery is in its early stages. AMS reserves the right to supplement its claim chart, as appropriate, with Laser Peripherals' engineering and design documents, and deposition testimony from Laser Peripherals' witnesses as that evidence becomes available.

Your request that AMS further identify claim elements, such as "waveguide," "transmitting surface," and "the particular area and the reflecting surface are disposed so that greater than about 90% of electromagnetic radiation reflected by the reflecting surface is incident on the particular area at below a critical angle," is not well taken. These claim elements are identified on multiple occasions in AMS' claim chart. Is Laser Peripherals seriously contesting that its infringing device lacks any of these claim elements? Similarly, your request that AMS identify the beginning and end of Laser Peripherals' "tip of the waveguide" makes no sense. There is no claim element reciting a "beginning of the tip" or "end of the tip." Laser Peripherals appears to be asking for details on claim elements that do not even exist.

Laser Peripherals has been provided with more than sufficient evidence of infringement. We expect your claim chart on April 14, 2009 as required by the Court's Pretrial Schedule.

Sincerely,

Misti N. Okerlund

cc:   Leland Hansen

ARNE M. OLSON
DOLORES T. KENNEY
TALIVALDIS CEPURITIS
KATHRYN E. GARIPAY
JOSEPH M. KUO
ROBERT J. ROSS, Ph.D.

DENNIS H. MA
BRUCE R. MANSFIELD
MARK R. BAGLEY
MATTHEW D. KELLAM

LAW OFFICES OF
**OLSON & CEPURITIS, LTD.**
20 NORTH WACKER DRIVE
36TH FLOOR
CHICAGO, ILLINOIS 60606
(312) 580-1180
FACSIMILE (312) 580-1189
firm@olsonip.com

PATENTS
TRADEMARKS
& RELATED MATTERS

SEYMOUR ROTHSTEIN
ROBERT R. CALIRI
OF COUNSEL

April 9, 2009

<u>VIA E-MAIL</u>

Misti N. Okerlund
Myers Boebel Macleod LLP
5001 Chowen Ave.
Suite 2000
Minneapolis, MN 55410

Re: American Medical Sys., Inc., et al. v. Laser Peripherals, LLC,
08-cv-4798 (D. Minn) (JNE)

Dear Misti:

We received your March 31 letter informing us of Plaintiffs' refusal to supplement their March 13 claim chart.

If Plaintiffs are unwilling to supplement their March 13 claim chart as LP has requested, then Plaintiffs will be limited to the contentions contained in that chart for the remainder of this lawsuit. LP will file motions in limine or any other necessary motion with the Court at the appropriate time to prevent Plaintiffs from relying upon infringement contentions that were not disclosed (as required) in Plaintiff's March 13 claim chart.

Because Plaintiffs believe that their March 13 claim chart adequately discloses its infringement position, LP would expect no oppositions to these types of motions.

Sincerely,

OLSON & CEPURITIS, LTD.

By: _____
Arne M. Olson

AMO/mdk
cc: Laser Peripherals
    Steve Moore