Exhibit 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AMERICAN MEDICAL SYSTEMS, INC. and LASERSCOPE, <br><br> Plaintiffs, <br><br> v. <br><br> BIOLITEC, INC., BIOLITEC AG, CERAMOPTEC INDUSTRIES, INC., CERAMOPTEC GmbH, ANDAOPTEC, LTD., BIOLITEC SIA and FORTEC MEDICAL CORPORATION, <br><br> Defendants. | Civil Action No. 3:08-CV-30061-MAP <br><br><br> June 10, 2009 |

**DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF**
**THEIR MOTION TO STRIKE PLAINTIFFS' NEW**
**CONSTRUCTION OF THE CLAIM TERM "TRANSMITTING**
**SURFACE" AND SUPPLEMENTAL MARKMAN BRIEF**

Pursuant to Local Rule 7.1, Defendants biolitec, Inc., CeramOptec Industries, Inc.,

CeramOptec GmbH, AndaOptec, Ltd., biolitec SIA, and ForTec Medical Corporation

(collectively "Defendants") respectfully submit this joint memorandum of law in support of their

joint motion to strike American Medical Systems, Inc.'s and Laserscope's (collectively

"Plaintiffs'") new construction of the claim term "transmitting surface" and Supplemental

Markman Brief filed on June 1, 2009 (Dkt. # 119). In accordance with Rule 7.1, Counsel for

Plaintiffs and Defendants conferred on June 9, 2009 in an effort to resolve or narrow the issue

and were unable to come to an agreement.

## INTRODUCTION

In three rounds of briefing, Plaintiffs have proposed *three different constructions* of the

claim term "transmitting surface." On June 1, 2009, when given the "last word" on claim

construction in the form of leave to submit the last brief addressing Plaintiffs SECOND proposed construction of the term "transmitting surface," and while under explicit instructions from this Court to address only Defendants' response to Plaintiffs' SECOND proposed construction, Plaintiffs proposed a THIRD construction.

Plaintiffs' change of position at this late stage is clearly improper and prejudicial. Defendants have had no opportunity to address Plaintiffs' third construction.  Moreover, Defendants should not be burdened with having to address it.  It is simply too late.  Plaintiffs' continually-shifting positions serve only to delay proceedings in this case and to render wasted much of the effort the Court and the Parties have expended on claim construction to this point in the case.  The Court should not countenance such gamesmanship.

## BACKGROUND

A.    Plaintiffs' First Construction of "Transmitting Surface"

In their Opening Markman Brief, Plaintiffs proposed the following "plain meaning" construction of the term "transmitting surface":

> "surface through which electromagnetic
> radiation exits the apparatus or probe"

(Plaintiffs' "first construction"). (Plaintiffs' Opening Markman Brief at 11.)

B.    Plaintiffs' Second Construction of "Transmitting Surface"

In their Responsive Brief, Plaintiffs offered the following "plain meaning" construction of the term "transmitting surface":

> "surface through which electromagnetic radiation *is
> transmitted in the lateral direction.*"

(Plaintiffs' "second construction"). (Plaintiffs' Responsive Markman Brief at 10)(italics indicate changes in Plaintiffs' proposed construction).  Plaintiffs did not retract their first "plain meaning"

construction but rather introduced their second "plain meaning" construction without notice or explanation.

C.   <u>Plaintiffs' Third Construction of "Transmitting Surface"</u>

At the Markman hearing, the Court expressed concern that Defendants had been "caught off guard" by the Plaintiffs' second construction in that they had not had an opportunity to address it. The Court decided to "give both sides a chance to comment on [the] additional language." (Transcript of Markman Hearing ("Markman Tr.") at 33, 68.) The Court instructed the parties to limit briefing to the Plaintiffs' second construction, stating that briefing should be "just on that one topic, the phrase transmitting surface and the definition proposed by the plaintiffs in their reply brief. I don't need any further submissions on any other topic." (Markman Tr. at 69.)

On June 1, 2009, Plaintiffs filed their Supplemental Markman Brief, which was not in compliance with the Court's instructions. In their Supplemental Markman Brief, Plaintiffs proposed yet a *third* construction of "transmitting surface," without explanation or notice. The third construction of "transmitting surface" proposed by Plaintiffs is:

> "surface through which electromagnetic radiation is transmitted *from the tip* in the *desired* lateral direction."

(Plaintiffs' "third construction"). (Plaintiffs' Supplemental Markman Brief ("Pls.' Supp. Markman Br.") at 10)(italics indicate further changes in Plaintiffs' proposed construction). Plaintiffs did not retract either their first or second construction, but simply quietly proposed a third. Plaintiffs have changed the construction proposed in their reply brief to include two new clauses -- "**from the tip**" and "**desired** lateral direction". (Pls.' Supp. Markman Br. at 1, 11-12, emphasis added.) Plaintiffs never included these new clauses as part of the construction

3

proposed in either of their first two Markman briefs. Defendants' consequently have not had an opportunity to brief Plaintiffs' third construction.

In their Supplemental Markman Brief, Plaintiffs, incredibly, state "In view of Defendants' supplemental [May 22, 2009] briefs, they apparently do not take issue with the portion [of Plaintiffs' later-filed June 1, 2009 claim construction] stating that 'electromagnetic radiation is transmitted from the tip in the desired lateral direction.'" (Pls.' Supp. Markman Br. at 11.)

## ARGUMENT

Plaintiffs' sleight of hand in the third round of briefing, offering a third construction of the term "transmitting surface," is improper and prejudicial as a matter of basic fairness. They simply cannot be allowed to change positions in this way. Plaintiffs' maneuver is especially audacious in view of the Court's explicit instructions to the parties as to what was to be addressed in their third-round briefs. Plaintiffs have ignored these instructions.

Plaintiffs argue that their new construction was proposed at the Markman hearing, and that Defendants' briefs indicate that they do not take issue with it. This is erroneous for several reasons. First, Plaintiffs latest construction was never proposed at the Markman hearing. Rather, this construction was buried on page 13 of Plaintiffs' 46 page PowerPoint presentation handed over at the hearing and never discussed. Significantly, Plaintiffs never mentioned their new (third) construction at the hearing and never alerted the Court or Defendants that they were deviating from the construction in their reply brief, despite ample opportunity to do so and despite discussion during the Markman hearing of the Court's desire to give Defendants an opportunity to address Plaintiffs' second construction. Second, Plaintiffs' representation that Defendants "apparently do not take issue" with the new construction is not at all fair because it is

4

clear that Defendants were not aware that Plaintiffs were asserting such a construction and Defendants followed the Court's instructions and briefed on May 22 the Plaintiffs' second construction.

The law in the First Circuit is clear. A legal argument raised for the first time in a reply brief or in an oral argument is deemed waived and shall not be considered by the Court. See, e.g., Christopher v. Mount Snow, 1996 U.S. Dist. LEXIS 14948, at *5 (D. Mass. Sept. 24, 1996); United States v. Pizarro-Berrios, 448 F.3d 1, 6 (1st Cir. P.R. 2006). Plaintiffs first introduced their third construction, and all arguments therefor, in their Supplemental Markman Brief on June 1, 2009. This construction and Plaintiffs' June 1 brief in support of it should therefore be stricken.

ME1 8682041v.1

## CONCLUSION

Defendants respectfully request that Plaintiffs' third construction of the claim term

"transmitting surface" and related briefing be stricken.


Dated: June 10, 2009

THE DEFENDANTS
BIOLITEC, INC., CERAMOPTEC
INDUSTRIES, INC., CERAMOPTEC
GmbH, ANDAOPTEC, LTD., and
BIOLITEC SIA

By:   /s/ James F. DeDonato
     Mark D. Giarratana
     Eric E. Grondahl
     James F. DeDonato
     McCARTER & ENGLISH, LLP
     CityPlace I
     Hartford, CT  06103
     Tel: (860) 275-6700
     Fax: (860) 724-3397
     E-mail: mgiarratana@mccarter.com
     E-mail: egrondahl@mccarter.com
     E-mail: jdedonato@mccarter.com


Dated: June 10, 2009

THE DEFENDANT
FORTEC MEDICAL, INC.

By:   /s/ James P. Doyle
     Francis H. Morrison (BBO No. 645515)
     James P. Doyle
     AXINN VELTROP & HARKRIDER
     LLP
     90 State House Square
     Hartford CT  06103
     Tel.: (860) 275-8100
     Fax: (860) 275-8101
     E-mail: fhm@avhlaw.com
     E-mail: jpd@avhlaw.com


I hereby certify that a true copy of this
document was served upon the attorney
of record for each other party
electronically via the Court's ECF
system on June 10, 2009.

    /s/ James F. DeDonato

ME1 8682041v.1