# Exhibit 18

tory, and thus is a limitation of the claim (although the claim was anticipated by prior art that produced sprouts inherently "rich in glucosinolates")).

During examination, statements in the preamble reciting the purpose or intended use of the claimed invention must be evaluated to determine whether the recited purpose or intended use results in a structural difference (or, in the case of process claims, manipulative difference) between the claimed invention and the prior art. If so, the recitation serves to limit the claim. See, e.g., *In re Otto*, 312 F.2d 937, 938, 136 USPQ 458, 459 (CCPA 1963) (The claims were directed to a core member for hair curlers and a process of making a core member for hair curlers. Court held that the intended use of hair curling was of no significance to the structure and process of making.); *In re Sinex*, 309 F.2d 488, 492, 135 USPQ 302, 305 (CCPA 1962) (statement of intended use in an apparatus claim did not distinguish over the prior art apparatus). If a prior art structure is capable of performing the intended use as recited in the preamble, then it meets the claim. See, e.g., *In re Schreiber*, 128 F.3d 1473, 1477, 44 USPQ2d 1429, 1431 (Fed. Cir. 1997) (anticipation rejection affirmed based on Board's factual finding that the reference dispenser (a spout disclosed as useful for purposes such as dispensing oil from an oil can) would be capable of dispensing popcorn in the manner set forth in appellant's claim 1 (a dispensing top for dispensing popcorn in a specified manner)) and cases cited therein. See also MPEP § 2112 - § 2112.02.

>However, a "preamble may provide context for claim construction, particularly, where … that preamble's statement of intended use forms the basis for distinguishing the prior art in the patent's prosecution history." *Metabolite Labs., Inc. v. Corp. of Am. Holdings*, 370 F.3d 1354, 1358-62, 71 USPQ2d 1081, 1084-87 (Fed. Cir. 2004). The patent claim at issue was directed to a two-step method for detecting a deficiency of vitamin $B_{12}$ or folic acid, involving (i) assaying a body fluid for an "elevated level" of homocysteine, and (ii) "correlating" an "elevated" level with a vitamin deficiency. 370 F.3d at 1358-59, 71 USPQ2d at 1084. The court stated that the disputed claim term "correlating" can include comparing with either an unelevated level or elevated level, as opposed to only an elevated level because adding the "correlating" step in the claim during prosecution to overcome prior art tied the preamble directly to the "correlating" step. 370 F.3d at 1362, 71 USPQ2d at 1087. The recitation of the intended use of "detecting" a vitamin deficiency in the preamble rendered the claimed invention a method for "detecting," and, thus, was not limited to detecting "elevated" levels. *Id.*

See also *Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d at 808-09, 62 USPQ2d at 1785 ("[C]lear reliance on the preamble during prosecution to distinguish the claimed invention from the prior art transforms the preamble into a claim limitation because such reliance indicates use of the preamble to define, in part, the claimed invention.…Without such reliance, however, a preamble generally is not limiting when the claim body describes a structurally complete invention such that deletion of the preamble phrase does not affect the structure or steps of the claimed invention." Consequently, "preamble language merely extolling benefits or features of the claimed invention does not limit the claim scope without clear reliance on those benefits or features as patentably significant."). In *Poly-America LP v. GSE Lining Tech. Inc.*, 383 F.3d 1303, 1310, 72 USPQ2d 1685, 1689 (Fed. Cir. 2004), the court stated that "a '[r]eview of the entirety of the '047 patent reveals that the preamble language relating to 'blown-film' does not state a purpose or an intended use of the invention, but rather discloses a fundamental characteristic of the claimed invention that is properly construed as a limitation of the claim….'" Compare *Intirtool, Ltd. v. Texar Corp.*, 369 F.3d 1289, 1294-96, 70 USPQ2d 1780, 1783-84 (Fed. Cir. 2004) (holding that the preamble of a patent claim directed to a "hand-held punch pliers for simultaneously punching and connecting overlapping sheet metal" was not a limitation of the claim because (i) the body of the claim described a "structurally complete invention" without the preamble, and (ii) statements in prosecution history referring to "punching and connecting" function of invention did not constitute "clear reliance" on the preamble needed to make the preamble a limitation).<

## 2111.03   Transitional Phrases [R-3]

The transitional phrases "comprising", "consisting essentially of" and "consisting of" define the scope of a claim with respect to what unrecited additional components or steps, if any, are excluded from the scope of the claim.

The transitional term "comprising", which is synonymous with "including," "containing," or "characterized by," is inclusive or open-ended and does not exclude additional, unrecited elements or method steps. See, e.g., >*Mars Inc. v. H.J. Heinz Co.*, 377 F.3d 1369, 1376, 71 USPQ2d 1837, 1843 (Fed. Cir. 2004) ("like the term 'comprising,' the terms 'containing' and 'mixture' are open-ended.").< *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 327 F.3d 1364, 1368, 66 USPQ2d 1631, 1634 (Fed. Cir. 2003) ("The transition 'comprising' in a method claim indicates that the claim is open-ended and allows for additional steps."); *Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501, 42 USPQ2d 1608, 1613 (Fed. Cir. 1997) ("Comprising" is a term of art used in claim language which means that the named elements are essential, but other elements may be added and still form a construct within the scope of the claim.); *Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 229 USPQ 805 (Fed. Cir. 1986); *In re Baxter*, 656 F.2d 679, 686, 210 USPQ 795, 803 (CCPA 1981); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("comprising" leaves "the claim open for the inclusion of unspecified ingredients even in major amounts"). >In *Gillette Co. v. Energizer Holdings Inc.*, 405 F.3d 1367, 1371-73, 74 USPQ2d 1586, 1589-91 (Fed. Cir. 2005), the court held that a claim to "a safety razor blade unit comprising a guard, a cap, and a group of first, second, and third blades" encompasses razors with more than three blades because the transitional phrase "comprising" in the preamble and the phrase "group of" are presumptively open-ended. "The word 'comprising' transitioning from the preamble to the body signals that the entire claim is presumptively open-ended." *Id.* In contrast, the court noted the phrase "group consisting of" is a closed term, which is often used in claim drafting to signal a "Markush group" that is by its nature closed. *Id.* The court also emphasized that reference to "first," "second," and "third" blades in the claim was not used to show a serial or numerical limitation but instead was used to distinguish or identify the various members of the group. *Id.*<

The transitional phrase "consisting of" excludes any element, step, or ingredient not specified in the claim. *In re Gray*, 53 F.2d 520, 11 USPQ 255 (CCPA 1931); *Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("consisting of" defined as "closing the claim to the inclusion of materials other than those recited except for impurities ordinarily associated therewith."). But see *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1331-32, 70 USPQ2d 1508, 1516 (Fed. Cir. 2004) (holding that a bone repair kit "consisting of" claimed chemicals was infringed by a bone repair kit including a spatula in addition to the claimed chemicals because the presence of the spatula was unrelated to the claimed invention). A claim which depends from a claim which "consists of" the recited elements or steps cannot add an element or step. When the phrase "consists of" appears in a clause of the body of a claim, rather than immediately following the preamble, it limits only the element set forth in that clause; other elements are not excluded from the claim as a whole. *Mannesmann Demag Corp. v. Engineered Metal Products Co.,* 793 F.2d 1279, 230 USPQ 45 (Fed. Cir. 1986). >See also *In re Crish*, 393 F.3d 1253, 73 USPQ2d 1364 (Fed. Cir. 2004) (The claims at issue "related to purified DNA molecules having promoter activity for the human involucrin gene (hINV)." *Id.*, 73 USPQ2d at 1365. In determining the scope of applicant's claims directed to "a purified oligonucleotide <u>comprising at least</u> a portion of the nucleotide sequence of SEQ ID NO:1 wherein said portion <u>consists of</u> the nucleotide sequence from … to 2473 of SEQ ID NO:1, and wherein said portion of the nucleotide sequence of SEQ ID NO:1 has promoter activity," the court stated that the use of "consists" in the body of the claims did not limit the open-ended "comprising" language in the claims (emphases added). *Id.* at 1257, 73 USPQ2d at 1367. The court held that the claimed promoter sequence designated as SEQ ID NO:1 was obtained by sequencing the same prior art plasmid and was therefore anticipated by the prior art plasmid which necessarily possessed the same DNA sequence as the claimed oligonucleotides*. Id.* at 1256 and 1259, 73 USPQ2d at 1366 and 1369.The court affirmed the Board's interpretation that the transition phrase "consists" did not limit the claims to only the recited numbered nucleotide sequences of SEQ ID NO:1 and that "the transition language 'comprising' allowed the claims to cover the entire involucrin gene plus other portions of the plasmid, as long as the gene contained the specific portions of SEQ ID NO:1 recited by the claim[s]" *Id.* at 1256, 73 USPQ2d at 1366.<

The transitional phrase "consisting essentially of" limits the scope of a claim to the specified materials

or steps "and those that do not <u>materially</u> affect the <u>basic</u> and <u>novel</u> characteristic(s)" of the claimed invention. *In re Herz*, 537 F.2d 549, 551-52, 190 USPQ 461, 463 (CCPA 1976) (emphasis in original) (Prior art hydraulic fluid required a dispersant which appellants argued was excluded from claims limited to a functional fluid "consisting essentially of" certain components. In finding the claims did not exclude the prior art dispersant, the court noted that appellants' specification indicated the claimed composition can contain any well-known additive such as a dispersant, and there was no evidence that the presence of a dispersant would materially affect the basic and novel characteristic of the claimed invention. The prior art composition had the same basic and novel characteristic (increased oxidation resistance) as well as additional enhanced detergent and dispersant characteristics.). "A 'consisting essentially of' claim occupies a middle ground between closed claims that are written in a 'consisting of' format and fully open claims that are drafted in a 'comprising' format." *PPG Industries v. Guardian Industries*, 156 F.3d 1351, 1354, 48 USPQ2d 1351, 1353-54 (Fed. Cir. 1998). See also *Atlas Powder v. E.I. duPont de Nemours & Co.,* 750 F.2d 1569, 224 USPQ 409 (Fed. Cir. 1984); *In re Janakirama-Rao*, 317 F.2d 951, 137 USPQ 893 (CCPA 1963); *Water Technologies Corp. vs. Calco, Ltd.,* 850 F.2d 660, 7 USPQ2d 1097 (Fed. Cir. 1988). For the purposes of searching for and applying prior art under 35 U.S.C. 102 and 103, absent a clear indication in the specification or claims of what the basic and novel characteristics actually are, "consisting essentially of" will be construed as equivalent to "comprising." See, e.g., *PPG*, 156 F.3d at 1355, 48 USPQ2d at 1355 ("PPG could have defined the scope of the phrase 'consisting essentially of' for purposes of its patent by making clear in its specification what it regarded as constituting a material change in the basic and novel characteristics of the invention."). See also *AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1240-41, 68 USPQ2d 1280, 1283-84 (Fed. Cir. 2003) (Applicant's statement in the specification that "silicon contents in the coating metal should not exceed about 0.5% by weight" along with a discussion of the deleterious effects of silicon provided basis to conclude that silicon in excess of 0.5% by weight would materially alter the basic and novel properties of the invention. Thus, "consisting essentially of" as recited in the preamble was interpreted to permit no more than 0.5% by weight of silicon in the aluminum coating.); *In re Janakirama-Rao*, 317 F.2d 951, 954, 137 USPQ 893, 895-96 (CCPA 1963). If an applicant contends that additional steps or materials in the prior art are excluded by the recitation of "consisting essentially of," applicant has the burden of showing that the introduction of additional steps or components would materially change the characteristics of applicant's invention. *In re De Lajarte*, 337 F.2d 870, 143 USPQ 256 (CCPA 1964). See also *Ex parte Hoffman*, 12 USPQ2d 1061, 1063-64 (Bd. Pat. App. & Inter. 1989) ("Although 'consisting essentially of' is typically used and defined in the context of compositions of matter, we find nothing intrinsically wrong with the use of such language as a modifier of method steps. . . [rendering] the claim open only for the inclusion of steps which do not materially affect the basic and novel characteristics of the claimed method. To determine the steps included versus excluded the claim must be read in light of the specification. . . . [I]t is an applicant's burden to establish that a step practiced in a prior art method is excluded from his claims by 'consisting essentially of' language.").

**OTHER TRANSITIONAL PHRASES**

Transitional phrases such as "having" must be interpreted in light of the specification to determine whether open or closed claim language is intended. See, e.g., *Lampi Corp. v. American Power Products Inc.*, 228 F.3d 1365, 1376, 56 USPQ2d 1445, 1453 (Fed. Cir. 2000) (The term "having" was interpreted as open terminology, allowing the inclusion of other components in addition to those recited); *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l Inc.*, 246 F.3d 1336, 1348, 57 USPQ2d 1953, 1959 (Fed. Cir. 2001) (term "having" in transitional phrase "does not create a presumption that the body of the claim is open"); *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1573, 43 USPQ2d 1398, 1410 (Fed. Cir. 1997) (In the context of a cDNA having a sequence coding for human PI, the term "having" still permitted inclusion of other moieties.). The transitional phrase "composed of" has been interpreted in the same manner as either "consisting of" or "consisting essentially of," depending on the facts of the particular case. See *AFG Indus-*